ST. CROIX, LTD., Appellee,

v.

BATH TOWNSHIP, Appellant.

[Cite as *St. Croix, Ltd. v. Bath Twp.* (1997), 118 Ohio App.3d 438.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 17853.

Decided Feb. 26, 1997.

*Kenneth L. Gibson,* for appellee.

*Joseph M. Holden, John W. Solomon* and *Christopher. Swing,* for appellant.

---

QUILLIN, Presiding Judge.

Appellant, Bath Township, appeals from the decision of the Summit County Court of Common Pleas granting summary judgment in favor of appellee, St. Croix, Ltd., and dismissing appellant's counterclaim. We affirm.

St. Croix is an oil and gas production company operating almost exclusively in Bath Township. St. Croix made application with the township for a conditional zoning certificate for a new well. The township approved the certificate subject to the condition that no drilling would occur within three hundred feet of a habitable structure, pursuant to the Bath Township Zoning Resolution 803–2(E).

Noting the conditional approval, St. Croix filed a complaint in the Summit County Court of Common Pleas seeking declaratory and injunctive relief. The township counterclaimed, asking that 803–2(E) be found valid and that St. Croix be enjoined from violating it. St. Croix filed a motion for summary judgment and the lower court granted it, thereby dismissing the counterclaim. The township appeals, arguing that the trial court erred in finding this provision of the Zoning Resolution preempted by the state.

In *Newbury Twp. Bd. of Trustees v. Lomak Petroleum (Ohio), Inc.* (1992), 62 Ohio St.3d 387, 583 N.E.2d 302, the Ohio Supreme Court dealt with a local ordinance that purported to regulate how far a well could be drilled from any street or highway, and from any inhabited structure. The court stated that "it is R.C. 1509.39 that specifically lists those areas townships may not regulate." *Id.* at 393, 583 N.E.2d at 307. Under the statute as written at that time, the court held that a township's regulation of the distance between wells and streets or highways had been specifically prohibited by R.C. 1509.39 and was, therefore, "clearly preempted." *Id.* at 392, 583 N.E.2d at 306. However, the court went on to say, "No mention is made of minimum distances from wells to structures and buildings. For this reason, townships may adopt resolutions pertaining to distances from dwellings when it is done to further safety and health standards." *Id.* at 394, 583 N.E.2d at 307.

Following this case, in October 1994, R.C. 1509.39 was amended. The current version now states:

"No * * * township shall adopt or enforce any ordinances, resolutions, rules, or requirements relative to the * * * minimum distances from which a new well or related production facilities may be drilled * * * from boundaries of tracts, drilling units, other wells, streets, roads, highways, railroad tracks, *and any other structures or facilities included in section 1509.23 of the Revised Code* * * *." (Emphasis added.)

R.C. 1509.23 states:

"Rules of the chief of the division of oil and gas may specify practices to be followed in the drilling of wells and production of oil and gas for protection of public health or safety or to prevent damage to natural resources, including specification of devices, minimum distances that wells and other excavations, structures, and equipment shall be located from water wells, streets, roads, highways, railroad tracks, and buildings, other methods of operation, and procedures, methods, and equipment and other requirements for equipment to prevent and contain discharges of oil from oil production facilities and oil drilling and workover facilities * * *."

The township argues that the revision of R.C. 1509.39 must be interpreted narrowly. It argues that the new language includes not all structures and facilities, but only those mentioned in R.C. 1509.23. It further argues that the word "buildings" in R.C. 1509.23 should be interpreted narrowly. The township essentially ignores some punctuation, lightly dances over some intervening language, and attempts to argue that the word "buildings" is modified by the language "to prevent and contain discharges of oil."

Although the statute contains several lists within a list and may not be a model of clarity, we do not find appellant's tortured interpretation persuasive. The primary function of this statute is to list the procedures the chief may regulate, beginning with "specification of devices" and ending with "procedures, methods, and equipment and other requirements for equipment to prevent and contain discharges of oil." Within this primary list are some secondary ones, one of which modifies the "minimum distances" the chief may regulate. This secondary list allows regulation of the distance wells, *inter alia,* may be located from "water wells, streets, roads, highways, railroad tracks, and buildings."

We read the statute in this way for several reasons. First, by simple rules of grammar, the word "and," which appears before the word "building," means that "building" is the last item in the list which immediately precedes it. Second, prior to the 1994 revision the statute was identical to the current one except that it concluded with the phrase "and other methods of operation." The language that the township claims modifies "buildings" was not even part of the statute until 1994. We find that the language added in 1994 was intended to expand the chief's authority, not to suddenly severely limit the type of building from which the chief could regulate distance.

The Chief of the Division of Oil and Gas has, in fact, acted upon the authority granted in R.C. 1509.23. Ohio Adm. Code 1501:9–1–05 states, "No well shall be drilled nearer than one hundred (100) feet to any inhabited private dwelling house." Bath Township Zoning Resolution 803–2(E) prohibits, among other

things, drilling for gas or oil "within three hundred feet (300′) of any habitable structure or dwelling." This regulation is in conflict with the Administrative Code. It does not matter that the township's regulation is more restrictive than the state's, and it does not matter if the township designed the limitation in the interest of health and safety. See *Newbury,* 62 Ohio St.3d at 392, 583 N.E.2d at 306. R.C. 1509.39 clearly forbids townships from setting minimum distances between oil and gas wells and any kind of building, and the state has, thereby, preempted this area of regulation.

■ A grant of summary judgment will be affirmed only if reasonable minds can come to but one conclusion, favoring the moving party, when the evidence is construed most favorably toward the nonmoving party. Civ.R. 56(C). We find it apparent, based on the language of R.C. 1509.39 and 1509.23, particularly as amended in the wake of *Newbury,* that regulation of distances between oil and gas wells and inhabited structures has been preempted by the state. We affirm the lower court's grant of summary judgment.

*Judgment affirmed.*

SLABY, J., concurs.

BAIRD, J., concurs in judgment only.